## SUTTON *et al. v.* HANCOCK, executrix.

1. A judgment admitting a will to record as having been proved in solemn form is conclusive upon all parties notified, as to all questions which were raised or which could have been raised in the probate proceedings.

2. Whether the paper propounded as a will has been revoked by the birth of a child subsequently to the execution of the will and prior to the judgment of probate is a question which can be raised by caveat in the probate proceedings, and the judgment admitting the will to record concludes the question as to whether there has been a revocation for this reason.

3. A judgment admitting a will to record as proved in common form becomes after the lapse of the time fixed by the statute, conclusive upon all persons interested, as to all matters which could be raised by caveat to an application for probate in solemn form.

4. Probate in common form became conclusive after the lapse of time at common law.

5. Civil Code, § 3283, is not unconstitutional as depriving persons of their prop-. erty without due process of law.
6. Under that section both adults and minors have seven years, after the probate in common form, within which to call for proof in solemn form. If a minor arrives at majority during the seven years next succeeding the probate, and at a time when more than four years of that period remains, he has, after arrival at age, the remainder of the seven-year period within which to file a contest. If he arrives at majority after the expiration of the seven years, or at a time during the seven-year period when less than four years remains, he has only four years after reaching his majority to file the contest.
7. Where a general limitation law applicable to numerous classes of cases conflicts with a law applicable only to a particular class, the latter controls.

Argued June 30, — Decided August 12, 1903.

Appeal. Before Judge Lumpkin. Fulton superior court. November 26, 1902.

*Spencer R. Atkinson* and *James A. Perry*, for plaintiffs. Civil Code, §§ 3283, 3779, should be construed as giving a minor at least seven years after removal of his disability within which to file suit. These plaintiffs were not parties to the probate in common form: Civil Code, § 3281; 23 *Ga.* 309; Id. 342–3. If bound by the judgment of probate, they are bound only as to matters necessarily before the court in proving the will; and the question of revocation is not involved in probate in common form: 21 *Ga.* 45; 60 *Ga.* 194 (7), 202; 97 *Ga.* 266 (2); 15 Ohio St. 324; 22 Fed. 872; Page, Wills, § 431, p. 408'; Pritch. Wills, § 44; 1 Jarm. Wills (Am. notes), 48–9 (note); 1 Woerner's Am. Law of Adm. * 471–2, 485–6; 1 Wms. Exrs. top p. 654; 7 H. L. C. 124; 1 App. Cas. D. C. 453; 84 Wis. 465; 36 S. C. 428; 136 N. Y. 58; 101 Mo. 168; 16 S. C. 41; 35 Conn. 523; 52 Ala. 267. If the question of revocation by operation of law was involved in the probate in common form, the code section making the judgment of probate conclusive is unconstitutional, in that it deprives the plaintiffs of their property without due process of law: 96 *Ga.* 274; Id. 680; 103 *Ga.* 458; 104 *Ga.* 666; 107 *Ga.* 340–1; 1 Fed. 662–3; 13 Fed. 723 (7); 20 R. I. 215; 93 U. S. 273–81; 167 U. S. 414–15; Rice, Prob. L. 37–39, 49, c. 2 Redf. 212. The code section under consideration can not be defended on the idea that it is a statute of limitations: Cooley's Const. Lim. (5th ed.) top p. 450.

*Anderson, Anderson & Thomas* and *Wharton O. Wilson*, for defendant. Probate in common form is conclusive after seven years: Civil Code, §§ 3281–3; *Ga. Rep.* 25/491; 70/343; 102/216;

4/457; 99/130 ; Acts 1855–6, p. 234; Acts 1845, Cobb's Dig. 348. Probate is a judgment in rem, and binds, after seven years, minor heirs at law : 46 *Ga.* 362–384 ; 51 Ala. 85 ; 13 Gratt. 672.   Judg- ments in rem not unconstitutional : 73 *Ga.* 491. Statute barring action to set aside will, good : 138 U. S. 114; 104 Pa. St. 337.   Sale under order of court by executor of will proved in common form is binding on heirs, though they had no notice of probate : 112 *Ga.* 677 ; 2 Wall. 210. Statute prescribing time in which to attack pro- bate of will lays down a rule of evidence, and is not merely a limi- tation of the remedy : 104 Pa. St. 337.   Probate of will is conclu- sive as to its due execution : 22 Fed. 172.

COBB, J.   Mrs. Maud Sutton, Mrs. Birdie Perry, Lily J. Smith by her next friend, W. M. Harper, for himself, and as next friend of three minor children, filed a petition in the court of ordinary, praying that a probate in common form of the alleged will of Joseph Smith be set aside, that the letters testamentary issued to Lily May Smith be revoked, and that the executrix be required to prove the will in solemn form.   It was alleged in the petition that the will in question had been revoked by the birth of a child of the testator after the execution of the same.   The case came on for trial on appeal in the superior court, where a demurrer to the petition was sustained.   This judgment was reversed by this court, on the ground that under the facts alleged the will of Joseph Smith had been revoked.   See 115 *Ga.* 857.   When the case went back to the superior court for trial it was agreed by the parties that under the judgment of the Supreme Court the plaintiffs Mrs. Birdie Perry and Lily J. Smith were entitled to have an intestacy de- clared as to them, and the only issue before the court was as to whether Mrs. Sutton and the Harpers were barred by lapse of time from calling the validity of the will in question.   It appeared on the trial that Mrs. Maggie Harper, mother of the Harper children, and wife of the plaintiff Harper, was born November 7, 1873 ; that the plaintiff Mrs. Sutton was born January 29, 1875 ; and that the will was probated in common form November 7, 1890.   The pres- ent action was brought on April 29, 1901.   The issues raised were decided adversely to the plaintiffs, and they sued out a bill of exceptions to this court.   Three questions were made by the record and argued in this court.   They are : (1) That under a proper construction of the Civil Code, § 3283, the plaintiffs were

not barred.    (2) That the question whether the will had been re-voked by the subsequent birth of a child of the testator was not involved in the probate proceedings in common form, and that therefore the plaintiffs are not concluded on that issue by such pro-bate.    (3) That if both of these contentions be not well taken, section 3283 is unconstitutional and void, because it deprives plaintiffs of their property without due process of law.    These questions will be disposed of in their order.

Under the code of this State, a will may be proved in two ways: in common form, upon the affidavit of a single subscribing witness, without notice to any one (Civil Code, § 3281); and in solemn form, after due notice to all the heirs at law, by the testimony of all the subscribing witnesses, or, if they be dead, by proof of their signatures and of that of the testator.  Civil Code, § 3282.    Pro-bate in solemn form is conclusive upon all parties notified.    Sec-tion 3283 is as follows: "Probate in common form becomes con-clusive upon all parties in interest, after the expiration of seven years from the time of such probate, except minor heirs at law, who require proof in solemn form and interpose a caveat at any time within four years after arrival at age.    In such cases, if the will is refused probate and record in solemn form, an intestacy shall be declared only as to such minor, and not as to others whose right to caveat is barred by lapse of time."    This section was codified from the act of 1845 Cobb's Digest, 348 and from the act of 1856.    See Acts 1855-6, p. 234, sec.14.    Under section 3779, persons laboring under a disability, such as infants, idiots, insane persons, and the like, "shall be entitled to the same time after the disability is removed, to bring an action, as is prescribed in this code for other persons."    See Acts of 1855-6, p. 235, sec. 19.    It is contended that, construing these two code sections together, the judgment of probate in common form does not become conclusive upon minor heirs in any case until the expiration of seven years after they have reached their majority.    If section 3283 be con-sidered alone, it is clear, we think, that no such construction as that contended for is admissible.    The section gives to both adults and minors seven years within which to require proof in solemn form; and if at the expiration of seven years from the date of the probate there is an heir who is still a minor, he has four years af-ter arrival at age within which to call the probate in question.

But if (as in the present instance) the minor heirs attain their majority at any time during the next seven years succeeding the probate, they are barred after the expiration of seven years, provided the time elapsing between the date of their majority, and the end of the seven-year period is four years or more.  If they reach their majority at a time during the seven-year period when less than four years of the period remains, they are nevertheless entitled to four years from arrival at majority.   In other words, every minor has at least four years after majority, and the question whether he shall have more and how much more depends upon whether he reaches his majority during the seven-year period and at a time when more or less than four years of that period still remains.   If more, he has more than four years; if less, he has exactly four years.   It is unnecessary to extend the discussion of this point. To our minds, this is the plain meaning of the statute.

  We think also that the point is without difficulty when the general limitation law contained in section 3779 is taken into view. Certainly when the terms of a general law applicable to numerous classes of cases conflict with those of a law applicable only to a particular class or classes, the former must yield.   Section 3779 will therefore be construed as allowing minors the same time after they reach their majority to bring an action as other persons are allowed in all cases except those where by law a different provision has been made.   That this construction results in imputing to the legislature an intention to discriminate against minors in the particular case, when other persons under disability would have seven years after their disability is removed, can not affect the question.   If the law were ambiguous, such an argument might have weight; but when the law is plain, clear, and unambiguous, as we think this law is, the consequences resulting from its enforcement can have no weight.   We pass, therefore, to the second point.

  A judgment admitting a will to record as having been proved in solemn form concludes all parties notified, as to all questions which were raised in the probate proceeding, or which could have been properly raised therein.   Such a judgment is therefore conclusive that the paper probated is the last legal expression of the testator's desire as to the disposition of his property after his death, that the same was executed in the manner provided by law, and of all facts

necessary to give the court jurisdiction of the proceeding. In other words, as between the parties and their privies, such a judgment stands, until reversed or set aside, as establishing that the deceased died testate, that the paper propounded was his last will, that it was executed according to law, that he had sufficient mental capacity, and that at the date of the judgment of probate it was unrevoked. If the will has been revoked, this is matter of defense, to be set up by such of the parties notified as are interested in setting the will aside. Revocation for any reason would be a complete answer to the application for probate. Not only could revocation be set up as a reason for refusing probate, but the parties notified are required, at their peril, to set the same up, or the judgment will conclude them thereafter on the question whether or not the will has been revoked. To state the whole matter in a few words, the issue arising on proceedings to prove a will in solemn form is *devisavit vel non,*— will or no will. If the will offered for probate has been revoked for any reason, it is not the will of the testator, and a judgment refusing it probate must be rendered. See, in this connection, Rice's American Probate Law, §§ 3 – 4, pp. 40 – 41; 23 Am. & Eng. Enc. L. (2d ed.) 134 – 135; Page on Wills, p. 405, § 341, p. 385, § 329; 1 Will. Exrs. (Am. Notes) 654. As has already been shown, probate in common form in this State becomes conclusive upon all parties in interest after the expiration of the time fixed in the section above quoted. The inquiry now is, conclusive upon what? We think there can be but one answer to this question, and that is, conclusive upon all issues upon which a judgment of probate in solemn form would be conclusive. Construing the code sections relating to the subject of wills in pari materia, we think this conclusion is inevitable. Proof in common form is ex parte, and, when made, prima facie only. It is allowed merely for convenience; and on account of its informal character, and the fact that it is made without notice to any one, no attempt has been made to make it conclusive from its date. Parties interested are allowed a given time within which to call for proof in solemn form, and after the lapse of this time the law conclusively presumes that no ground exists for setting aside the probate. The judgment upon proof in solemn form will be conclusive upon certain matters, and failure to call for proof in solemn form within the time allowed makes the probate in common form

conclusive upon all matters involved in or which could be raised in a proceeding to probate in solemn form. It was evidently the purpose of the lawmakers of this State, that a will proved in common form of law should, after the expiration of the time fixed, stand as to all persons upon the same footing as if it had been originally proved in solemn form of law. See, in this connection, *Churchill* v. *Corker,* 25 *Ga.* 479, 491 ; *Anderson* v. *Green,* 46 *Ga.* 361, 384; *Peters* v. *West,* 70 *Ga.* 343 ; *Medlock* v. *Merritt,* 102 *Ga.* 212, 216.

Our attention was called by counsel to the case of Evans *v.* Anderson, 16 Ohio St. 324, wherein it was held that a child of the testator, born after the probate of his will, was not concluded by the probate on the question as to whether the birth of the child revoked the will. This decision was followed in Chicago Railroad Company *v.* Wasserman, 22 Fed. 872, and applied in a case where the child was born before the probate. We shall not stop to analyze these decisions. The view which we entertain of this question is based upon what we conceive to be a proper construction of the statutory provisions of this State relating to the subject of wills, and hence decisions in other jurisdictions can have little influence here. We may say in passing, however, that we are not prepared to approve these decisions, even if we were dealing with the general probate law as found in the common law, and particularly is this true with reference to the decision cited from the Federal Reporter.

The last contention of the plaintiff in error is that Civil Code, § 3283, is violative of the due process clause of the 14th amendment to the constitution of the United States, as well as of the corresponding clause in our own constitution. Stated in a word, the contention is that the State has no power to make conclusive, after any lapse of time, a judgment which has the effect to deprive one of his property without any notice to him and without giving him an opportunity at the time of or before the rendition of the judgment to say why such judgment should not have been rendered. We do not think this proposition is universally true. The principle at the foundation of the constitutional provisions just referred to was brought across the waters with the common law. Any rule or procedure which is in accord with the settled usage and practice of the common law affords due process, within the meaning of that phrase as used in the various constitutions of this country. In

Murray's Lessee *v.* Hoboken Land Company, 18 How. 276–277, Mr. Justice Curtis, in referring to the phrase as used in the fifth amendment of the constitution of the United States, uses this language: "To what principles, then, are we to resort to ascertain whether this process, enacted by Congress, is due process? To this the answer must be twofold. We must examine the constitution itself, to see whether this process be in conflict with any of its provisions. If not found to be so, we must look to those settled usages and modes of proceeding existing in the common and statute law of England, before the emigration of our ancestors, and which are shown not to have been unsuited to their civil and political condition by having been acted on by them after the settlement of this country." In Lowe *v.* Kansas, 163 U.S. 85, Mr. Justice Gray, referring to the phrase "due process of law," as used in the 14th amendment, said: "Whether the mode of proceeding prescribed by this statute, and followed in this case, was due process of law, depends upon the question whether it was in substantial accord with the law and usage in England before the Declaration of Independence, and in this country since it became a nation, in similar cases." See also, in this connection, Dent *v.* West Virginia, 129 U.S. 114, 123; Hurtado *v.* California, 110 U.S. 516, 535; Holden *v.* Hardy, 169 U.S. 366, 390; *Gordon* v. *State,* 102 *Ga.* 673, 676.

Wills were proved at common law both in common and solemn form, the only differences between the two being that in the former proof was had usually upon the affidavit or oath of the executor, without notice to any one, and in the latter upon the testimony of all the witnesses, after notice to all parties interested; and probate in solemn form was conclusive from its date, while probate in common form was not. See Rice's American Probate Law, 37–39; Page on Wills, § 312; 2 Swinburn's Testaments and Wills, 806–816; Godolphin Orphan's Legacy, 62; 1 Will. Exrs. 393. The method of probate in solemn form in this State is identical with that pursued at common law. Probate in common form could at common law be contested, but the right to call for proof in solemn form did not exist forever. It became barred after lapse of time, and after the lapse of time under the English law probate in common form became conclusive. This time seems not to have been definitely fixed. See *Vance* v. *Crawford,* 4 *Ga.* 457; 1 Will. Exrs. 393; Godolph. Orphan's Leg. 62. See also Swinburn's Testaments,

816, where it is stated that after the lapse of ten years "necessary solemnities are presumed to have been observed, whereas the testament being proved in form of law, the executor is not to be compelled to prove the same any more, and although all the witnesses be dead, the testament doth still retain his full force." In most of the States a certain period is fixed by statute within which a will admitted to probate in common form may be contested. Page on Wills, § 321. In Georgia prior to the passage of the act of 1845, from which the section under consideration was taken, the English law on this subject was of force. *Vance* v. *Crawford,* 4 *Ga.* 457. It seems, therefore, to be well settled that at common law there was a conclusive presumption, after the lapse of time, in favor of the validity of a will proved in common form of law, and that this presumption had the effect of placing the will upon the same footing as if it had originally been proved in solemn form or per testes. Any system of laws which recognizes this common-law principle and provides for a reasonable time can not be said not to afford due process of law. Certainly it can not be said that seven years is, at the present time, an unreasonable period within which to allow parties interested to call for proof of the will in solemn form. This principle of the common law was a part of the law of this State when the 14th amendment to the constitution of the United States was adopted, and we do not think either that amendment or the constitution of this State afterwards adopted had the effect of rendering invalid the statute the validity of which is now, so far as we are aware, for the first time brought in question. We have no hesitation in holding that it is not subject to the criticism now made upon it; and even if we had any doubt, it would be our duty to hold that the statute was not invalid. We reach this conclusion without regard to whether the statute would be sustainable as a statute of limitations, or whether the proceeding for probate in common form could be treated as a proceeding in rem. Many authorities have characterized it as a proceeding in rem. See Rice's American Probate Law, 38 ; 23 Am. & Eng. Enc. L. (2d ed.) 112. Whatever characterization may be given to the proceeding, the statute is not obnoxious to the due-process clause of the constitution, if we correctly apprehend the scope and purpose of that clause.

*Judgment affirmed. By five Justices.*