McWHORTER, guardian, *v.* ONEAL.

SIMMONS, C. J. 1. Where a married woman made a will, her husband died, and she subsequently remarried, the will, under the Civil Code, § 3347, was revoked. See *Ellis* v. *Darden*, 86 *Ga.* 368.

2. The contract made subsequently to the second marriage, between the husband and wife, did not amount to a republication of the will, as it was wanting in the formalities essential to the making of a will. What are the rights of the parties under this contract can not be decided in the probate court, but may be determined in a court having jurisdiction of that question.    *Judgment affirmed. All the Justices concur.*

Argued November 26, — Decided December 21, 1904.

Probate of will.    Before Judge Lewis.    Greene superior court. August 9, 1904.

On November 14, 1892, Mrs. Anna McWhorter Grant executed her will, naming as her sole heir her niece Edith McWhorter. Her husband, William L. Grant, died in 1894, and afterward she married Joshua Oneal. On December 25, 1899, Mr. and Mrs. Oneal executed an instrument (which was attested like a deed of conveyance, and recorded), as follows: " that the said Joshua Oneal does consent and agree that, for a certain consideration herein contained, that he does give, bequeath, and give to said Anna Oneal in fee simple all right that he may have in all real estate that he now owns in the 148th dist. G. M., State of

Georgia. Anna Oneal does agree and consent that in consideration of said gift by Joshua Oneal, that she this day and forever does relinquish any right that she may have in homestead, year's support, or dower, or in any way, whether in property of said Joshua Oneal outside of said Penfield district, 148th district. The object of this agreement is to prevent any disagreement that may occur in event of death of either Joshua Oneal or Anna Oneal. It is understood that the property of Anna Oneal in Penfield will equal any property that said Oneal may own elsewhere. This agreement is mutual, and is intended to bind all parties that may be interested; and it is desired and intended by Joshua Oneal and his wife Anna Oneal that is the agreement be carried out." On July 19, 1903, Mrs. Oneal died, and three days later an instrument was executed by Joshua Oneal and B. F. McWhorter, and attested like a deed of conveyance. It recited that it was made by McWhorter as guardian of Edith McWhorter of the first part, and Joshua Oneal of the second part, and proceeded as follows: "In order to avoid any litigation between the parties to this contract, said first party agrees to release unto second party all claims or titles to live stock of every kind, all provisions and supplies, farming utensils, all growing crops for the present year, on lands in Penfield, Georgia, owned by Mrs. Anna Oneal at the time of her death, that he the said first party might have to any of said property. Said first party also agrees for said second party to have the possession of the house and lot in Penfield, Georgia, until the first day of January, 1904, free of rent. Said second party agrees to release unto said first party all claims or titles to a certain house and lot in Penfield [describing it], and all other real estate owned by the said Mrs. Anna Oneal at the time of her death," etc. "This contract is to adjust and settle all differences between the parties to this contract, and is made for the especial purpose of avoiding any litigation between said parties. Said second party agrees for the will of Mrs. Anna Oneal to be probated without any contest."

On September 7, 1903, B. F. McWhorter, as guardian of Edith McWhorter, filed a petition to the ordinary, setting forth the foregoing facts, and alleging, that Joshua Oneal repeatedly stated, during the lifetime of his wife and since her death, that the intent and purpose of the agreement of December 25, 1899, was that the

husband and wife should not inherit each other's property, and he led his wife to believe that such would be its effect and that it would render effectual her will after her death; that Mrs. Oneal left no children; and that the executor nominated in her will did not care to accept the trust. McWhorter prayed to be allowed to prove the will in common form, and that he be appointed administrator with the will annexed. Oneal filed a demurrer to the petition and a caveat to the probate of the will. The ordinary sustained the caveat; and on appeal a verdict against the probate was directed.

*James B. & Noel P. Park* and *James Davison*, for plaintiff, contended that Civil Code, § 3347, did not apply, as married women, on account of coverture, could not make wills at the time this law was enacted. They cited, on revocation of will by subsequent marriage; 29 L. R. A. 414; 48 Ib. 557 (183 Ill. 486); 40 N. Y. 405. Caveator estopped to contest probate: Gard. Wills, 286, 319–20; 88 Ky. 38 (21 Am. St. R. 320); 104 Cal. 570 (32 L. R. A. 595, 604); 7 Fla. 292 (68 Am. Dec. 441); 94 Tenn. 577; Pritch. Wills, § 339; 78 Tenn. 421; 14 N. Y. St. R. 376; 48 N. E. 858; 95 Ky. 154; 95 Pa. St. 279; 29 Am. & Eng. Enc. L. 326; *Ga. R.* 4/446; 12/121; 21/427; 28/578; 30/630; 36/191; 45/301; 73/135; 74/210; 102/212; 108/372; 115/863; 121/26.

*Samuel H. Sibley*, for defendant, cited Civil Code, §§ 3279, 3344, 3347, 3348, 5156; *Ga. R.* 86/368; 10/79; 89/490; 120/71; 69/74; 45/415; 60/194; 118/441; 14/362; 14 Gratt. 332.