(78 Misc. Rep. 713.)

### In re ANDERSON'S WILL.

(Surrogate's Court, Kings County.   December, 1912.)

WILLS (§ 70*)—CODICIL EXECUTED IN ANOTHER STATE—PROBATE.

Where a resident of New York while in Florida executes a codicil to her last will, and Gen. St. Fla. 1906, § 2274, provides that all wills of personalty shall be in writing, signed by the testator or some other person in his presence and by his express direction, a will so executed, so far as it affects personal property, is entitled to probate in New York, though not attested by any subscribing witness under Decedent Estate Law (Consol. Laws 1909, c. 13) § 23, providing that a will of personalty, made without the state as prescribed by the laws of the state where executed, may be admitted to probate in New York.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 184–186; Dec. Dig. § 70.*]

In the matter of the probate of the will of Adeline E. R. Anderson, deceased.   Codicil admitted to probate.

Foley & Martin, of New York City, for proponent.

Philip A. Brennan, of Brooklyn, for contestant Small.

Franklin Taylor, of New York City, for contestants Peterson and another.

Cardozo & Nathan, of New York City, for contestant Hempstead.

Isaac W. Goodhue, of New York City, for Maud E. Ihne and Virginia Johnson.

Edward J. Dowling, of New York City, special guardian for Florence Almeda Christobelle Hempstead, Willie Mary Marguerite Hempstead, and Maud E. Ihne, infants.

Morris Cohen, special guardian for Charles Littell, an incompetent.

KETCHAM, S.   The will of the decedent, upon due proofs, is about to be admitted to probate.   A paper is also propounded as a codicil, and the question arises whether or not it can be admitted to probate only as an instrument affecting personal property.   It has the form of a codicil.   It is self-styled a codicil.   It is subscribed by the decedent, but it is not attested by any witnesses.

The fact will be found that the decedent was a resident of the state of New York when this instrument was made, and that the same was made in the state of Florida.   The New York statute provides that:

"A will of personal property executed without the state and within * * * the United States * * * as prescribed by the laws of the state * * * where it * * * was executed" may be admitted to probate in this state. Decedent Estate Law, § 23.

The Florida statute is:

"All wills of personal property shall be in writing and signed by the testator or some other person in his presence and by his express direction." Gen. Stat. of Florida, § 2274.

In Hays v. Ernest, 32 Fla. 18, 13 South. 451, the court speaks as follows of the statute last quoted:

"The statute did not undertake to prescribe the mode of executing wills in reference to the disposition of personal property, further than to regulate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the revocation of such wills when written, and the establishment of nuncupative wills. In other respects the common-law rule controlled the execution of wills concerning personal property, and, according to this, such wills when written required no witness to their execution. Meyer v. Fogg, 7 Fla. 292, 68 Am. Dec. 441; Schouler on Wills, § 318."

The statement of the parties as to the law of Florida is accepted as among the facts proved. The surrogate makes no personal inquiry upon the subject.

From that statement it appears that a will made under circumstances such as surrounded this codicil would be executed as prescribed by the law of Florida and should be admitted to probate in this state. Matter of Gaines, 84 Hun, 520, 32 N. Y. Supp. 398, affirmed 154 N. Y. 747, 49 N. E. 1097.

The case of Moultrie v. Hunt, 23 N. Y. 394, and the many cases in which it was followed, were swept away by the amendment of 1893 which remains in the statute cited supra. Decedent Estate Law, § 23.

An argument is made upon the theory that the questionable paper was "simply an instrument of revocation and not a testamentary disposition of the property." It was by its terms, its declared character, and the method of its execution a testamentary instrument. By virtue of it, if valid, residuary legatees receive a portion which, without it, they would not have received, and whether it be called by its statutory name, "an instrument of revocation or alteration," or by its earlier name, a "codicil," it is to be judged by the rules which surround a will.

The codicil is admitted to probate so far as the same affects personal property.

Decreed accordingly.