## McCARTY *v.* MANGHAM.

If a will be properly executed by a person having testamentary capacity, it is no ground for refusing probate of it that a limitation on a devise therein to a particular person may be void.

OCTOBER 13, 1915.

Probate of will. Before Judge Gilbert. Taylor superior court. December 9, 1914.

*J. J. Bull & Son,* for plaintiff in error. *C. W. Foy,* contra.

EVANS, P. J. A paper purporting to be the last will and testament of Clinton P. Riley was offered for probate in solemn form. The material parts of the will were as follows: "I will and bequeath to my mother, Sallie Mangham, all the property I may have at the time of my death, both real and personal. My wife, Olivia L. Riley, I desire to have an equal share of the proceeds from my farm so long as she may live or remain unmarried. At the time of my wife's death or her remarriage, then I will and bequeath all of my property to my brothers, W. C., Preston, and S. K. Riley, or their descendants equally or one third each." His widow, Olivia L. Riley, who had contracted a second marriage since his death, filed a caveat. The case was appealed to the superior court.

On the trial all the grounds of the caveat were abandoned except the one which set up that the will was void as against public policy, it being in restraint of marriage of the caveator. The jury found in favor of the propounder, and the caveator excepted.

If a paper intended as a last will is properly executed by a person having testamentary capacity, it is no ground of caveat to its probate that a limitation on a devise therein to a particular person may be void. *Wetter* v. *Habersham,* 60 *Ga.* 193 (9), 194; *Thomas* v. *Morrisett,* 76 *Ga.* 384, 390. The effect of the invalidity of the limitation is to render the limitation void, but not to invalidate the entire will. The statute (Civil Code, 1910, § 3684) declares: "An estate may be created during widowhood, and such estates shall be subject to the same rules as life-estates. Limitations over upon the marriage of a widow shall be valid, unless such limitations are manifestly intended to operate as a restraint upon the free action of such widow in respect to marriage, and are not simply prudential provisions for the protection of the interest of children or others in such event; in such cases they are void." Even if the will disclosed on its face that the limitation over upon marriage of the widow was manifestly intended to operate as a restraint upon her free action in respect to marriage, the devise to the testator's mother would not be entirely defeated by the invalidity of the limitation on the estate given to his widow. The verdict was the only one which could legally have been rendered.

*Judgment affirmed. All the Justices concur.*