FONTAINE *v.* FONTAINE

## Opinion delivered December 14, 1925.

1. WILLS—INSTRUMENT APPOINTING EXECUTOR.—An instrument duly executed in testamentary form which merely selects and nominates an executor is in legal effect a will.

2. WILLS—EXECUTOR AS SUBSCRIBING WITNESS.—The executor of a will, as a rule, is competent as a subscribing witness to its execution, within Crawford & Moses' Dig., § 10535, as his interest is derived from the statute and not from the will itself, the word "appointment" in the statute referring to some appointment coupled with a beneficial interest.

Appeal from Sebastian Circuit Court, Ft. Smith District; *John E. Tatum,* Judge; affirmed.

*Gallaher & Gean* and *Pryor & Miles,* for appellant.

*W. L. Curtis,* for appellee.

MCCULLOCH, C. J.  Charles B. Fontaine, a resident of Sebastian County, Arkansas, died leaving a properly attested testamentary instrument in the following form:

"Last Will and Testament of C. B. Fontaine, deceased."

"I, C. B. Fontaine, being of sound mind and memory being in bad health and having confidence in J. P. Blakely, do hereby constitute him my executor to settle up my estate in Sebastian and Crawford counties, Arkansas, consisting of real and personal property according to the laws of Arkansas or any other I may have property. This August 18, 1923."

One of the witnesses to the instrument was J. P. Blakely, the person named as executor.  This instrument was presented for probate; and there was resistance on the part of the appellants, who are the heirs at law of the decedent.  The instrument was admitted to probate, and an appeal has been prosecuted through the circuit court and to this court.

It is first contended that the instrument is not a will, and for that reason not entitled to probate.  The authorities are very generally against this contention, and the rule seems to be settled, almost without exception, that an instrument duly executed in testamentary

form which merely selects and nominates an executor is in legal effect a last will and testament. 1 Underwood on Wills, 9; Schouler on Executors, § 31; *Sumner* v. *Crane,* 155 Mass. 483; Rood on Wills, § 68. It is unnecessary to determine whether the provision in the instrument that the said estate be administered "according to the laws of Arkansas" constitutes a bequest or devise of property, for, as above stated, we follow the general trend of authorities in holding that without any disposition of property a mere appointment of an executor in a duly attested instrument constitutes a will.

It is next contended that the instrument is ineffectual for the reason that the person named as executor is incompetent as a witness. Our statutes on the execution of wills provides as follows:

"Section 10535. No person to whom any estate, interest, gift or appointment shall be given or made which is by this act declared to be void, or who shall have refused to receive any such legacy, or bequest, or tender made, and who shall have been examined as a witness concerning the execution of such will, shall, after he has been examined, demand or receive any profit or benefit from any such estate, interest, gift or appointment so given or made to him by such will, or demand, receive or accept from any person any such legacy or bequest, or any satisfaction or compensation therefor." Crawford & Moses' Digest.

The general rule established by the authorities is that an executor of a will is competent as a subscribing witness to its execution. *Davenport* v. *Davenport,* 116 La. 1009; *Hodgman* v. *Kittredge,* 67 N. H. 254; *In re Kessler,* 221 Pa. 314; *Meyer* v. *Fogg,* 7 Fla. 292. Our statute does not change the general rule, for the word "appointment" used therein necessarily refers to some appointment coupled with a beneficial interest. All the benefits which accrue to an executor on his appointment are derived from the statute prescribing the fees, and not by way of a gift or bequest under the will. In

other words, the interest which an executor 'has' in the appointment is indirect, and he has no interest within, the meaning of the statute prescribing the qualification of witnesses.

Affirmed.