### 21614. LAWSON v. HURT.

ARGUED APRIL 10, 1962—DECIDED MAY 7, 1962—REHEARING DENIED MAY 21, 1962.

*R. P. Herndon,* for plaintiff in error.

*Lloyd T. Whitaker, Alston, Sibley, Miller, Spann & Shackelford,* contra.

DUCKWORTH, Chief Justice. Our law, *Code* § 113-101, defines a will as follows: "A will is the legal declaration of a person's intention as to the disposition of his property after his death." It should not be difficult when tested by this definition to determine if any document is a will; yet there is undoubtedly much confusion as to when probate should be denied. *If there is a will* the executor may possess undevised property and administer the entire estate, holding the residuum after payment of debts and legacies for distribution according to law. *Code* § 113-1503; *Lamar v. Gardner,* 113 Ga. 781 (39 SE 498). If one but not all devises are void, it is a will and should be probated. *Thomas v. Morrisett,* 76 Ga. 384 (5); *McCarty v. Mangham,* 144 Ga. 198, 199 (86 SE 555); *Shaw v. Fehn,* 196 Ga. 661, 665 (27 SE2d 406). Failure to recognize that in each of the foregoing instances there is a will and draw a distinction on that vital fact, in cases where there is no will at the time of probate, is fatal to a correct understanding of the law. The fact that the issue in an application for probate is devisavit vel non (*Code Ann.* § 113-602) does not mean that proof of occurrences subsequent to the proper execution of a valid will that, in law, voids the document is inadmissible. The testator can revoke it before his death. *Code* § 113-401. And, "In all cases, the marriage of the testator, total divorce or the birth of a child to him, subsequent to the making of a will in which no provision is made in contemplation of such an event, shall be a revocation of the will." *Code* § 113-408, as amended (Ga. L. 1952, pp. 196, 197). The

fact that a perfectly valid will was executed avails nothing when confronted with proof of its subsequent revocation. Nor is the intent to revoke under *Code Ann.* § 113-408 material. Obviously, to prove such revocation, resort to evidence outside of the will would be necessary. "Whether the paper propounded as a will has been revoked by the birth of a child subsequently to the execution of the will and prior to the judgment of probate is a question which can be raised by caveat in the probate proceedings, and the judgment admitting the will to record concludes the question as to whether there has been a revocation for this reason." *Sutton v. Hancock,* 118 Ga. 436 (2) (45 SE 504). A caveat showing that the paper offered for probate was not a will at that time, although good when executed, is not only allowed but is demanded under penalty of being concluded by a judgment of probate. A caveat to the will of a married woman, who, subsequently to the execution thereof, married another after the death of her first husband, was sustained and probate denied in *McWhorter v. O'Neal,* 121 Ga. 539 (49 SE 592). While proof on application to probate must be furnished by the propounder that in all respects a will was duly executed, this should not confuse anyone as to the precise time it can take effect, which is the death of the testator. *Code* § 113-401. As to it, "there is many a slip 'twixt the cup and the lip." It not only must be a validly executed instrument disposing of the testator's property at his death, but it must remain so right up to its effective date, his death. *Code* § 113-105. "If a will is legal in part and illegal in part, that which is legal may be sustained, unless the whole will so constitutes one testamentary scheme that the legal portion alone cannot give effect to the testator's intention; in such case the whole will shall fail." *Code* § 113-108. The one testamentary scheme in the present case was to devise all of the testator's property to his wife. All powers sought to be conferred upon the executor are inseparably tied to that scheme. The testamentary scheme utterly failed when the sole legatee died one week before the testator without leaving any lineal heirs.

The Code definition of a will as above quoted makes disposition of property an indispensable requisite under Georgia law.

To do this, a legatee is essential. From the death of the sole legatee in this will, until the subsequent death of the testator one week later, there was no legatee and consequently no disposition of property by the instrument offered for probate. A lapsed or void legacy of personal property shall fall into the residuum and go to the residuary legatee. And ordinarily, real estate described in a lapsed or void devise shall descend to the heirs, but under a devise necessarily contingent when the will was made, and on failure of the contingency, the residuary legatee shall take. *Code* § 113-813. But in the instrument before us there is only one legatee named, and the prior death of this sole legatee without lineal heirs caused the legacy to lapse, and there being no residuary legatee, there was no one to whom any property, personal or real, could go.

But counsel for the propounder cite *Lucas v. Parsons*, 24 Ga. 640 (71 AD 147), to support the argument that, since the instrument appoints an executor and confers upon him certain powers, it is a will and entitled to probate. That case involved an instrument which revoked a prior will, appointed an executor, and gave him powers to administer the estate and directed that the testator's property be distributed under the laws of Georgia. At page 659 this court said: "It was the same as if he had said, 'I leave my property to be equally divided amongst my wife and children.' It was a bequest of his entire estate to his wife and children. They were legatees, therefore, and the paper was a will." Clearly the instrument was held to be a will because it disposed of the testator's property and named legatees to take it. Both of these essentials of a will were totally absent when the instrument here involved was offered for probate. Under the rules of inheritance (*Code* § 113-903 (5) ), brothers and sisters of an intestate shall inherit if there is no widow, child or representative of a child. As applied here, the caveatrix, a sister, and her brothers and sisters or their children or representatives of children inherited the entire estate, the testator leaving neither a wife or children, nor representatives of children. Upon the heirs the law confers the right to choose an administrator. *Code* § 113-1202. The law goes further to allow them to choose a stranger to the estate, but subsection (8) of the above Code section provides that: "No person who is neither of kin to the

intestate nor a creditor, nor otherwise interested in the grant of administration, except in the cases before provided, shall be appointed administrator." And again in subsection (9) of the same section it is provided that: "As a general rule, to cover all cases not specifically provided for, the person having the right to the estate shall be appointed administrator." This case presents a situation where there is no doubt but that the heirs, including the caveatrix, are entitled as a matter of law to the entire estate. They seek to choose an administrator as the law authorizes heirs to do, and they have not chosen the propounder, who is unrelated to the deceased, and they are objecting to him. If he is allowed to administer, the heirs will be denied their lawful right. If he is not allowed to administer no one can possibly be hurt, except his loss of fees for administering. To probate this instrument, which gave the estate to the testator's wife when executed, but could not possibly do so at the time it became effective, that record would serve no better purpose than constituting a cloud on the title of the true owners, the heirs. We know of no Georgia law requiring such damaging consequences, and we will not render a judgment that would do so.

Accordingly, we hold that, when upon the trial it was stipulated and agreed that the wife and sole legatee named in the instrument predeceased, without lineal heirs, the testator, the will was thereby shown to have been nullified, and a judgment denying probate was demanded.

*Judgment reversed. · All the Justices concur.*