23427. EPPES, Executrix, et al. v. LOCKLIN, Executor, et al.

Argued April 11, 1966—Decided April 19, 1966.

*Rupert A. Brown,* for appellant.

*Joseph J. Gaines, Erwin, Birchmore & Epting, Robert E. Gibson, Nicholas P. Chilivis,* for appellees.

DUCKWORTH, Chief Justice. As counsel for the appellant states, this case turns upon the words, "George S. and Mrs. Mamie D. Crane," as used in Item 12 of the will, as to whether the bequest therein was to the two individuals in equal amounts or whether it was to them jointly, the survivor taking all. As we frequently find, we must decide a question not heretofore decided by this court. Appellees lay much stress upon tenancy in common (*Code* § 85-1001) and the abolition of joint tenancy by *Code* § 85-1002. They cite and rely heavily upon *Snellings v. Downer,* 193 Ga. 340 (18 SE2d 531), to support their argument that the above language of the will created a tenancy in common. We note the portion of that opinion which, after strong statements that tend to support appellees, says: "If no contrary intention appears from the context or other parts of the instrument." We will specify "other parts" of the will that we think show a contrary intention. In Item 15, the will gives the property bequeathed to George S. and Mamie D. Crane for life to "the Lanier Home" in remainder "at their deaths." This could only mean the death of both, and only one is not enough. Also Item 12 A states that the property therein has at that date a mortgage of a little less than $4,000 on it "which they will have to continue to pay off." This language could only mean that both or either of them were obligated to pay off this mortgage. In view of the fact that Mamie D. Crane predeceased the testatrix, as to her, this item bequeathed nothing. *Lawson v. Hurt,* 217 Ga. 827 (125 SE2d 480). Therefore, neither she nor her heirs had any obligation to pay this mortgage since they could not receive the property, not being legatees, but George S. Crane, who survived the testatrix, and was undeniably a legatee to receive the property, had this debt to pay. If he had the duty to discharge the lien on the property, by the same token, he took the entire property when thus freed from the lien. The light thus thrown upon the intention by these parts of the will require that they be considered for this purpose. *Stiles v. Cummings,* 122 Ga. 635 (50 SE 484); *Snellings v. Downer,* 193 Ga. 340, supra.

Should it be held that half of the property bequeathed by Item 12 A was to go to Mamie D. Crane, since she did not survive the testatrix, and since the will makes no further disposition of that property, as to it, an intestacy exists. Unless a reasonable construction of the will shows plainly no other intent, courts should not by construction allow an intestacy. By the very act of executing a will the testatrix manifests an intention that no intestacy exist. *Johnson v. Johnson*, 213 Ga. 466 (99 SE2d 827) ; *McKain v. Allen*, 214 Ga. 820 (108 SE2d 319). With this rule in mind, courts must scrutinize the entire will to discover evidences that the testatrix disposed of her entire property by the will, avoiding an intestacy. That evidence seems conclusive when the will employed the exact words "George S. and Mrs. Mamie D. Crane" as used in Item 12 A, in Item 12 B, and again in Item 15 in reference to Item 12 B by saying the remainder would go to the Lanier Home "at their deaths." Is it reasonable to say the testatrix was just half-way interested in her friends, George S. and Mamie D. Crane? That if one should die, she did not intend for the survivor to enjoy the full property but that such survivor should thereupon own the property in common with unknown persons, in which event a partitioning would be in order, and the property could no longer be held and enjoyed? We think it unreasonable to attribute to the testatrix such intention. When she expressly provides that as to the property in Item 12 B, "their deaths" is the condition precedent to the taking of the remainder, she is clearly protecting each in the full enjoyment of the property until the *deaths* of both. In requiring by Item 12 A that the mortgage was something that "they will have to continue to pay off," she imposed a class obligation, thus clearly indicating an intention to bequeath to a class. By the term "George S. and Mamie D." she was describing those who could come in the class, "Crane." We are indebted to counsel for appellant for citing us to the case of Chase v. Peckham, 17 R. I. 385 (22 A 285). In that case the remainder estate was given to "all my nephews," naming them, share and share alike, but requiring them to pay out of the same, all debts. It was held that since the burden of paying was joint, the gift was also joint; and therefore the nephews took as a class, and

consequently there was no lapse as to the share of one who predeceased the testator. There can be no questioning of the statement that when a member of a class predeceases the testator, the bequest does not lapse and no intestacy is thus created because the surviving members of the class take the whole property. *Davie v. Wynn*, 80 Ga. 673 (6 SE 183); *Tolbert v. Burns*, 82 Ga. 213 (8 SE 79).

Our examination of the entire will as above indicated convinces us that the testatrix intended by Item 12 A to give the property therein to Mr. and Mrs. Crane as a class, and that upon the death of Mrs. Crane before the testatrix, the entire property went to George S. Crane as the sole survivor of the class. The portion of the decree holding the contrary to this ruling is reversed.

■ What has just been ruled as to Item 12 A as to the meaning of "George S. and Mrs. Mamie D. Crane" as therein employed, applies to Item 12 B, where it is again employed. Consequently, the entire life estate thereby created continued until the death of George S. Crane, and his executrix and sole beneficiary under his will, the appellant herein, is entitled to the entire income from the property until the death of George S. Crane, and it was error to allow her only one-half of such income.

■ We find nothing in the will which impliedly gave any furniture and fixtures to George S. and Mrs. Mamie D. Crane; consequently, there is no merit in the contention that the court erred in not awarding same to the appellant.

*Judgment reversed in part; affirmed in part. All the Justices concur.*