*Hibbs, Assistant General Counsel State Bar,* for State Bar of Georgia.

40072, 40086. SPENCE v. ENGLAND (two cases).

GREGORY, Justice.

This case involves the construction of the will of Georgia Christopher England who died in January, 1981. Appellant Betty Spence, niece of the testatrix, was named executrix. Under the terms of the will appellant was made trustee of certain savings certificates. The beneficiaries of this trust are the three grandchildren of the testatrix, represented by appellee, their mother, in this action. The will specifies that appellant may use the interest from these savings certificates "for her support and for the upkeep on [the testatrix's] home and grounds. This provision to last for so long as the said Betty Christopher Spence lives in said home." Other provisions indicate that the trust terminates when the youngest of the three beneficiaries becomes twenty-one.

Appellant offered the will for probate. On behalf of the testatrix's three grandchildren, appellee petitioned the probate court to hold that interest which had accrued on the certificates prior to the death of the testatrix and personalty which had not been disposed of by the will should be distributed to the heirs at law. The probate court found against appellee on both issues, and she appealed to the Superior Court of Union County. That court granted partial summary judgment in appellee's favor and this appeal followed.

1. Appellant argues that by permitting her the use of the testatrix's home, the testatrix intended for appellant to have all that the house contained, including household furnishings, jewelry and other personal effects. There is no provision in the will for the distribution of the personalty of the testatrix, nor is there a residuary clause.

It is appellant's contention that her aunt's most significant testamentary consideration was to provide appellant with a furnished home in which she might reside and with sufficient funds to support herself. It is clear to us, however, that the true objects of the testatrix's testamentary bounty were her three grandchildren. The focus of her will is the trust created for the benefit of these children. All other testamentary dispositions are tied to either the creation or termination of this trust. Item two of the will provides that "the trust shall be terminated when [the] youngest grandchild, Christopher England, reaches the age of twenty-one." The trial court correctly

found that at this time the appellant's right to use both the home of the testatrix and the interest from the trust ceases. Also, at this time appellant, as executrix, is charged with selling the home at public or private sale and dividing the proceeds equally among three named churches. We agree with the trial court that it is not likely the testatrix intended for appellant to have the use of her personal effects for, at most, a few years,[1] then offer them for public sale. We detect nothing in the will impliedly giving the appellant use of the testatrix's personalty in conjunction with the use of her home. Under the circumstances of this case, we do not find that the clause permitting appellant the use of the testatrix's home carried with it the right to the testatrix's personal effects. *Eppes v. Locklin,* 222 Ga. 86 (149 SE2d 148) (1966); McKinley v. McKinley, 483 SW2d 310 (Tex. Civ. App. 1972); Mann v. Haines, 146 Kan. 988 (73 P2d 1066) (1937); Tilghman v. Frazer, 191 Md. 153 (62 A2d 596) (1948); 29 ALR3d 574, 587. The trial court properly declared an intestacy as to the personal property in the estate. Appellant's enumerations of error one and three are without merit.

2. Prior to the death of the testatrix, nearly $15,000 in interest had accumulated under the Gold Kist savings certificates of which appellant was made trustee. Appellant paid this amount to herself for her own support and for maintenance of the testatrix's home. The trial court found, however, that the will did not authorize appellant to take control of interest which had accrued prior to the death of the testatrix and ordered that this interest be held as part of the corpus of the trust, to be divided among the three trust beneficiaries when the trust terminated. We agree.

Under the terms of the will appellant was not entitled to the use of interest which had accrued prior to the creation of the trust. The trust did not come into effect until the death of the testatrix. Appellant's right to collect interest arose at that time. She may collect and use only such interest as has been earned on the certificates since the death of the testatrix. See, Atkinson, *Law of Wills,* § 135.

Prior to 1976 the interest generated by the Gold Kist savings certificates was, at the election of the testatrix, not paid to her, but kept in a separate account at Gold Kist in which it earned interest. In January 1976 the testatrix notified Gold Kist of her desire to have future interest earned by the certificates paid to her. Only the interest earned between 1976 and her death was paid to her. The testatrix was notified annually by Gold Kist of the amount of unpaid

---

[1] The trust is to terminate "no later than January 1, 1990."

interest earned by her savings certificates. She was, therefore, aware that several thousand dollars of unpaid interest had accrued on the savings certificates when she executed her will in January 1977. The terms of her will make clear her intent to withhold both the trust corpus and future interest accruing during the term of the trust from the beneficiaries until the youngest reaches twenty-one years of age: item two of the will provides that should appellant leave the testatrix's home before the youngest trust beneficiary becomes twenty-one, the interest to which the appellant is otherwise entitled "shall be placed back into savings as part of the principal, then at the time of Christopher England reaching the age of 21 years, all amounts in this trust shall be divided equally between the three grand-children." It is unlikely testatrix intended distribution of accrued interest prior to Christopher's twenty-first birthday.

We conclude, as did the trial court, that the testatrix intended for that interest which had accrued on the Gold Kist certificates prior to 1976 to be retained as part of the corpus of the trust.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 5, 1984.

*Stone & Williams, Wesley Williams,* for appellant.
*Stanley F. Birch, Jr.,* for appellee.