WOOD *vs.* THE COMMISSIONERS OF GREENE COUNTY.

On money borrowed without authority of law, whether by the ordinary, the county commissioners, or the county treasurer, no commissions can be retained by the county treasurer out of the county funds; but retaining commissions out of such borrowed money affects the lenders, and not the county, as the county, in the absence of a statute to authorize borrowing, is not bound for any borrowed money which is not applied to its use. If the treasurer has used county

funds proper, either to compensate himself for handling money illegally borrowed, or to repay the lenders beyond the sums actually expended for the benefit of the county, he is liable for any deficit thus occasioned.

County matters. Contracts. Before Judge BARTLETT. Greene Superior Court. September Adjourned Term, 1877.

· The county commissioners issued execution against Wood as county treasurer, for $1,066.24, besides interest, alleged to have been illegally retained by him out of the county funds as commissions, during the years 1873–1876. He denied the indebtedness by illegality.

The evidence showed that from February, 1873, to July, 1876, the county, a part of the time through the ordinary, and a part through the commissioners, borrowed money on notes and bonds, to the amount of $21,324.83; that, out of these funds, as they came into his hands, the treasurer retained $2\frac{1}{2}$. per cent., and the same per-centage for paying out; that the ordinary had charge of the county business from the time of Wood's election, January, 1873, until the commissioners came into office, April, 1876.

The court charged that neither the ordinary nor the commissioners had any authority, either with or without the recommendation of the grand jury, to borrow money on bonds or notes issued by them, for the use of the county, without special authority conferred by the legislature of the state ; and if money was thus borrowed to pay the debts of the county, or for other county purposes, said money would be illegally raised, and if it went into the hands of the treasurer and was paid out by him under orders of the ordinary and of the commissioners, he was not entitled to retain commissions on the same.

The jury sustained the execution to the amount of the principal, without interest. The defendant moved for a new trial on account of error in the above charges. The motion was overruled, and he excepted.

J. A. BILLUPS, for plaintiff in error.

M. W. LEWIS & SON ; P. B. ROBINSON, for defendants.

BLECKLEY, Judge.

It did not appear that, in retaining commissions, the treasurer diminished the county funds proper. He had no right to do that. If he paid himself out of the borrowed money, he injured the lenders, and not the county. The lenders could not collect out of the county more than went to its proper use. And paying the treasurer to manipulate the fund, was not such use as the county could be charged with. The treasurer has no right to make the county pay him any commissions on money illegally borrowed, but, unless he retained commissions out of the county funds, and not out of the borrowed money, the county has no cause to complain. This is the point in the case, and let a new trial be had to settle the fact concerning it—that is, to ascertain whether the treasurer encroached upon the county funds for his commissions, or whether, on the contrary, the county is as well off as if he had charged nothing.

Judgment reversed.