### HARGRAVES *vs.* LOTT *et al.*

1. A bequest to a slave which took effect by the death of the testator during the existence of slavery in the state of Georgia, was void.
2. The judgment of the court of ordinary admitting the will to probate does not affect the rights of a legatee under one of the items.

Wills. Estates. Title. Judgments. Res adjudicata. Ordinary. Before C. P. GOODYEAR, Esq., Judge *pro hac vice.* Ware Superior Court. April Term, 1881.

John Hargraves died testate in the year 1857. By his last will, made June 10th, 1856, he devised to J. M. Hargraves his entire estate, and in the event the devisee could not inherit, he devised said estate to John Denton and William Denton. The devisee, J. M. Hargraves, at the time the will was made, and at the death of the testator, was a slave. The will was admitted to probate in 1857. In 1878 J. M. Hargraves filed his bill against Lott *et al.* It alleged that complainant became of age in 1876; that he was entitled to the estate; that defendants had colluded with the executor, and had wrongfully obtained possession of a large part of the estate; and that the executor had died insolvent in 1876, and there was no administration on his estate. The prayer was for account, etc.

Defendants pleaded, among other things, that at the time of the testator's death the complainant was a slave, and the devise to him was void. Complainant demurred

to this plea on the ground that it attacked collaterally the judgment of the court of ordinary admitting the will to probate. The demurrer was overruled. Defendants answered. On the trial, the jury found for defendants. Complainant moved for a new trial, which was refused, and he excepted.

P. B. BEDFORD; T. J. IVEY ; S. W. HITCH, by HARRISON & PEEPLES, for plaintiff in error.

G. J. HOLTON ; J. C. NICHOLLS, for defendants.

JACKSON, Chief Justice.

1. The controlling question made in this case is whether a slave can take a devise or bequest under a will made and taking effect by the death of the testator during the existence of slavery in the state of Georgia, and prior to the late war.

That question is not open with us. 30 *Ga.*, 161 ; 46 *Ib.*, 399; 58 *Ib.*, 118. Under the principle clearly ruled in those cases the bequest is void.

2. The judgment of the court of ordinary that the will be admitted to probate, does not affect the question of the right of complainant to the property devised, especially as the testator directs in the will where it shall go in the event that complainant cannot take under the laws of the state.

Judgment affirmed.