## CITY OF BAXLEY *v.* HOLTON.

1. Under the charter of the City of Baxley as amended by the act approved December 22, 1896 (Acts 1896, p. 127), it is the duty of the treasurer of the city to receive all money paid to the city council and pay the same out upon vouchers signed by the mayor and approved by the council. If, therefore, the city council receives and disburses money which should have gone through the hands of the treasurer and upon which he was entitled to receive a commission, but which was, by the unlawful action of the council, withheld from him, he may sue to recover the commission thereon as if he had handled the money himself.
2. The evidence for the plaintiff in the court below was sufficient to warrant the court to direct a verdict in his favor for the amount for which the verdict was directed.

Submitted January 11,—Decided February 6, 1902.

Complaint. Before Judge Williams. City court of Baxley. May 15, 1901.

*J. H. Thomas,* for plaintiff in error.
*Leon A. Wilson* and *G. J. Holton & Son,* contra.

LEWIS, J. The petition of Holton made substantially the following allegations. In 1897, petitioner was duly elected treasurer of the City of Baxley, and gave bond, as required by the city charter, for the faithful discharge of his duties. His duties were to receive all money paid to the city council, and pay out the same upon vouchers signed by the mayor and approved by the council, to keep a record of all money received and paid out by him, and make a statement thereof to the council every three months; and his compensation was to be two and one half per cent. commission upon all money received, and two and one half per cent. commission upon all money paid out by him for the city. During petitioner's term of office, the council of the City of Baxley received $5,670 in money realized from the sale of bonds duly and legally issued by the city, and paid out of this fund the sum of $4,318.41. As a matter of legal right, petitioner should have received this money and paid it out on vouchers signed by the mayor and approved by the council; but the mayor and council, in order to avoid paying petitioner commissions on this sum, illegally withheld the money from him. Petitioner alleges that he is entitled to receive commissions on this money, just as if it had passed through his hands; and he therefore sues for its recovery, in the amount of $249.71,

written demand having been made upon the defendant as required by law, and payment refused.    To this petition the defendant filed a demurrer, the material grounds of which were that the petition on its face shows that the plaintiff did not handle the fund upon which he claims commissions; and fails to show any labor performed or responsibility incurred by the plaintiff whereby he earned the commissions claimed.    The demurrer also set up that the petition as a whole did not set out a cause of action.    This demurrer was overruled.    The defendant also answered, admitting the plaintiff's election as treasurer and that he was to receive as his compensation a commission of two and one half per cent. on all money received and paid out by him for the city, but denying that the fund on which commissions were claimed was ever received by the mayor and general council.    At the conclusion of the evidence, the court directed a verdict for the plaintiff for $172.17.    The defendant excepts to the overruling of its demurrer and of its motion for a new trial.

1. The case at bar is easily distinguishable from that of *Mayor of Eastman* v. *Cameron*, 111 *Ga.* 110.    In the *Cameron* case it appeared that the plaintiff's case was founded upon the theory that he actually received and disbursed the money upon which he claimed commissions, and it was with that in view that this court held that the petition was evasive and uncertain and should have been dismissed on demurrer.    On page 113 Presiding Justice Lumpkin says: "Nor does the plaintiff undertake to therein allege that, although he was ready and willing to discharge the duties of his office, he was by any other means or device prevented from receiving, safely keeping, and paying out the fund, and thereby defrauded out of his just commissions.    Had the petition been framed on this line, the case laid would have presented an altogether different aspect." The plaintiff in the present case is not suing to recover commissions on money which he actually handled, but for commissions upon money which he should have been allowed to handle and which was illegally withheld from him; so it is clear that the ruling in the *Cameron* case does not affect the case now under consideration.    Under section 12 of the act approved December 22, 1896 (Acts 1896, p. 130), amending the charter of the City of Baxley, it is the duty of the treasurer of that city to receive all money paid to the city council and pay the same out upon vouchers signed by the mayor and

approved by the council. The section further provides that his compensation is to be fixed by ordinance of the city council. When the plaintiff was elected to the office of city treasurer, it was his right, as well as his duty, to receive and disburse the funds of the city under this section; and if the city authorities illegally prevented him from earning the commissions to which he would otherwise have been entitled, the city is liable to him therefor. A case directly in point, which in our opinion states the correct rule of law upon this subject, is that of Board *v.* City of Decatur, 64 Tex. 7, 53 Am. Rep. 735, where it is held that a city having a treasurer duly appointed and qualified under the act of incorporation can not defeat his right to commissions for disbursement of the municipal funds by placing them in the hands of the mayor for disbursement. In that case, as in this, it was contended that the right of the treasurer to receive compensation depends upon his actual reception and disbursement of the funds of the city, and that as he was deprived of the opportunity to do so, although willing and ready to perform his duties, he can not recover for the receipt and disbursement of money made by some one else. The court, however, says of this contention: "This is a narrow view of the question, and bases the non-liability of the city for the demand of the plaintiff upon its own wrongful act." We think that this position is sound, and completely answers the complaint of the plaintiff in error that the court erred in overruling its demurrer.

2. The defendant, in addition to his plea above referred to, filed a plea of set-off, alleging that the plaintiff was indebted to it in the sum of $77.54. This claim was allowed by the plaintiff, reducing the amount for which he sued to $172.17. The defendant, as before stated, contended that no money arising from the sale of bonds as alleged in the petition had come into its hands, and averred that under a contract which it had made with the Atlanta Steam and Water Supply Company, for the putting in of a waterworks system for the city, the company was to be paid, not in cash arising from the sale of the bonds, but in bonds themselves. The plaintiff, however, upset this contention by showing that the fund arising from the sale of the bonds had been the subject-matter of litigation between the city and the water-supply company, and had been judicially decreed to be the property of the city. He further showed that the full amount upon which he claimed commissions had come into

the hands of the city and had been disbursed by it as alleged in his petition, and that he been prevented from handling any of this money.    This proof was not controverted, and it was therefore not error for the court below to direct a verdict for the plaintiff.

*Judgment affirmed.    All the Justices concurring.*