## 71.   CAGLE *v.* SHEPARD.

1. Where the petition is indefinite as to material allegations, and attention is called to the defect by a timely and appropriate special demurrer, which is overruled by the court, and defendant duly excepts, in the absence of an amendment curing the defect this court has no alternative but to reverse the judgment.
2. It is suggested that the present statutory privilege of filing pauper's affidavit is subject to abuse, and that remedial legislation should be had on the subject.

Action for damages, from city court of Macon—Judge Hodges.
April 13, 1906.

Argued February 6,—Decided February 13, 1907.

*M. Felton Hatcher,* for plaintiff in error.

POWELL, J.   We are compelled to reverse the judgment on account of a small technical defect, appearing in the record and properly brought to the attention of the court.   The defendant,

Shepard, sued Cagle for injuries received through Cagle's running into him with an automobile. Shepard recovered a small verdict; and the evidence, though conflicting, was such as to justify it. The plaintiff, however, in setting out in his petition the elements of his damages, failed to do so with sufficient definiteness. In the 3d paragraph he alleges that he was, at the time of the injury, employed as a gas-fitter, "with wages of —— dollars per month;" in the 31st paragraph that "as a consequence of said injuries, plaintiff lost —— dollars for time away from his work;" and in the 30th paragraph that he incurred an expense of "several dol- lars" for medicines. The defendant pointed out the defects by timely and appropriate special demurrers, which were overruled, and the plaintiff did not offer to amend. To the overruling of these demurrers the defendant filed exceptions, preserved them, and insists on them in this court. We dislike to reverse a judg- ment and send a case back for new trial for such trivial technical defects, but, under repeated well-settled rulings of the Supreme Court, we are compelled to do so. *Warren* v. *Powell,* 122 *Ga.* 4; *Western Union Tel. Co.* v. *Griffith,* 111 *Ga.* 565 (3); *Mayor of Eastman* v. *Cameron,* 111 *Ga.* 113. Nor can we question the pro- priety of the able counsel for the plaintiff in error insisting upon the point; for before we became judges the members of the court practiced as attorneys, and it will be seen from an inspection of the report in the case first cited above that one member of this court, in his then capacity as a lawyer, made the point equally trivial and technical upon which the judgment in that case was reversed. Be that as it may, the law is imperative, and the judg- ment must be reversed.

2. Not only do we grant to the plaintiff in error a new trial, but we also extend to him our condolence in the sad loss of for- tune which has occurred to him during the pendency of the suit. We say "sad loss of fortune which has occurred to him during the pendency of the suit," for we are led to believe, from certain in- dicia appearing in the record, that such misfortune has overtaken him. In the beginning of the case he was the owner of an auto- mobile, a circumstance which of itself imports wealth; at the first term he caused to be stricken by demurrer a paragraph of the petition which alleged that he was "well circumstanced with worldly goods," by inference raising the presumption that he was

13

afraid to allow the jury to hear proof as to his financial condition, lest it tend to enlarge the verdict; in the evidence it is shown that he is a skilled machinist, and that he lived in a fashionable portion of the city of Macon; and yet there is filed with the record a statutory pauper's affidavit, made by him to escape the payment of the costs. It is therefore charitable to him to conclude that pending the suit he has had financial backset. Seriously, legislation is needed upon the subject of paupers' affidavits made to relieve appellants from the payment of costs; and we have digressed from a mere decision of the case to call the attention of the General Assembly to the abuses that are now possible under the present system. The court would regret to see anything done to diminish the facility with which the truly poor may have access even to the highest courts for the redressing of their wrongs; but some provision should be made for traversing the allegation of a pauper's affidavit, either in the appellate or in the trial court. Many States have such provisions for the benefit of officers of court; in this court the costs go to the State, but there is, on this account, no less need and no less reason for the protection.

*Judgment reversed.*