8851. WILLIAMS, administratrix, *v.* SUMTER COUNTY.

JENKINS, J. 1. "County treasurers in the several counties of this State are entitled to receive two and one-half per cent. commission for receiving, and two and one-half per cent. commission for paying out, all sums up to ten thousand dollars; and one and one fourth per cent. for receiving, and one and one fourth per cent. for paying out, the excess over ten thousand dollars, for receiving and paying out county funds." Polit. Code (1910), § 588.

2. The constitution of Georgia (art. 7, sec. 7, par. 1; Civil Code of 1910, § 6563) provides that any county may incur a debt without first submitting the matter to a popular vote, "for a temporary loan or loans to supply casual deficiencies of revenue, not to exceed one fifth of one per centum of the assessed value of taxable property therein." *Lewis* v. *Lofley*, 92 *Ga.* 804, 808 (19 S. E. 57).

3. The word "casual" means that which happens by accident, or is brought about by an unknown cause; and "casual deficiency" means some unforseen or unexpected deficiency, or an insufficiency of funds to meet some unforeseen and necessary expense. *Lewis* v. *Lofley*, supra; *Hall* v. *County of Greene*, 119 *Ga.* 253, 254 (46 S. E. 69).

4. The power to make provision for the safe-keeping and for the constant and diligent employment of the chain-gang composed of convicts, having been vested in the county commissioners, included the right to use those means and incur those expenses reasonably necessary for their execution, not exceeding the constitutional limit. Hence county commissioners may incur a debt (when too late to levy a tax, there being a casual deficiency) for the purchase of necessary tools or implements, not exceeding the limit set by the constitution. *Pennington* v. *Gammon*, 67 *Ga.* 456.

5. Where a county treasurer receives from the county authorities, by virtue of his office, money which has been illegally borrowed by them, and disburses it for current expenses of the county, and the illegal loans are repaid from money coming from taxes or other legitimate sources, he is not entitled to commissions for handling the illegally borrowed money, to be paid out of county funds proper. *Roberts* v. *Dancer*, 144 *Ga.* 341 (87 S. E. 287); *Hall* v. *County of Greene*, supra. But moneys received from a temporary loan or loans to supply casual deficiencies of revenue, lawfully made, are "county funds" within the meaning of the Civil Code (1910), § 588. See *Chattooga County* v. *Megginson*, 139 *Ga.* 509 (77 S. E. 579); *Aaron* v. *German*, 114 *Ga.* 587 (40 S. E. 713); *City of Baxley* v. *Holton*, 114 *Ga.* 724 (40 S. E. 728); *Board of Roads & Revenue* v. *Clark*, 117 *Ga.* 288 (43 S. E. 722).

6. While the evidence specifically shows that some of the borrowed money was disbursed through the county treasurer for defraying current expenses of the county, and not borrowed and used to supply casual deficiences of revenue, it does not show, as it must do, that it was all so borrowed and used; and since the evidence did not demand the verdict, it was error for the court to direct the jury to find in favor of the plaintiff and against the affidavit of illegality.

Judgment reversed. Wade, C. J., and Luke, J., concur.

DECIDED JANUARY 30, 1918.

Illegality of execution; from Sumter. superior court—Judge Littlejohn. April 28, 1917.

J. A. Hixon, E. A. Hawkins, for plaintiff in error.

R. L. Maynard, contra.