10208. FIVE MINUTE VULCANIZER AND AUTO SUPPLY COMPANY
v. FLEMING et al.

JENKINS, J. 1. "There must be a time averred in the writ, showing when every material or traversable fact transpires." Thus, a demurrer, or a motion to dismiss in the nature of a demurrer, attacking a plea wherein it is sought to set up damages by reason of the breach of a contract, upon the ground that no time was stated when the alleged breach occurred, was properly sustained. Warren v. Powell, 122 Ga. 4 (49 S. E. 730); Cagle v. Sheppard, 1 Ga. App. 192 (57 S. E. 946); Mandeville Mills v. Dale, 2 Ga. App. 607 (3) (58 S. E. 1060); Anthony v. Dudley Sash, Door & Lumber Co., 21 Ga. App. 412, 414 (94 S. E. 634.

2. The date when the alleged breach of the contract by the plaintiff occurred was a material fact in this case, since the defendants admitted that they had received from the plaintiff, under the contract, the amount of goods stated in the petition; and had the date been alleged, the plaintiff might have been enabled to show that at that time the defendants had already breached the contract by a failure to pay for the goods thus delivered; and in such event the defendants would not be entitled to recover damages from the plaintiff for a subsequent failure upon its part to comply with the contract. Branch v. Palmer, 65 Ga. 210; Savannah Ice Co. v. American Transit Co., 110 Ga. 142 (35 S. E. 280).

3. The defendants having failed to cure by an amendment the defect in their plea, in accordance with the order of the judge of the municipal court, the judge did not err in dismissing the plea, and in thereafter directing a verdict for the plaintiff; and the judgment of the superior court sustaining the certiorari was therefore erroneous. This ruling being controlling, the remaining assignments of error need not be passed upon.

Judgment reversed. Wade, C. J., and Luke, J., concur.<br>DECIDED APRIL 19, 1919. REHEARING DENIED MAY 13, 1919.

Certiorari; from Fulton superior court—Judge Ellis. October 31, 1918.

Walter S. Dillon, C. M. Lancaster, for plaintiff.

A. E. Wilson, R. W. Crenshaw, for defendants.