## SUMTER COUNTY *v.* NATIONAL SURETY COMPANY.

The surety on the bond of a county treasurer is not liable to the county
for commissons charged by the treasurer on money illegally borrowed
for the county by its commissioners, and commingled with legally ac-
quired funds in the treasurer's hands; it appearing that the treasurer
has accounted to the county for more than the amount of lawful funds
in his hands, other than the funds so illegally borrowed.

No. 5304.   FEBRUARY 25, 1927.

Questions certified by Court of Appeals (Cases Nos. 16621,
16622).

*R. L. Maynard,* for plaintiff.

*Ellis, Webb & Ellis,* for defendant.

PER CURIAM.  The Court of Appeals propounded to the Su-
preme Court the following questions:

"1.  In a suit brought solely against the surety on a county
treasurer's bond, can the county recover commissions charged by
the treasurer on money alleged to have been illegally borrowed by
the county commissioners for the county, and handled by the treas-
urer for the county, unless it be shown that the commissions thus
charged by the treasurer were derived from legal county money,
other than from funds thus illegally borrowed?

"2.  If the foregoing question should be answered in the nega-
tive, in a case where it appears that there has been a commingling
of such legally and illegally acquired funds in the hands of the
treasurer, does it necessarily follow as a matter of law that the
surety is exonerated when it appears that the treasurer has ac-
counted to the county for more than the total amount of the lawful
funds in his hands, other than the funds thus illegally borrowed?"

The surety on a county treasurer's bond is not liable for money
which is illegally borrowed by the county, but which goes into the
hands of that officer.   *Mason* v. *Commissioners,* 104 *Ga.* 35 (30
S. E. 513); *Hall* v. *Greene County,* 119 *Ga.* 253 (46 S. E. 69).
This being so, the surety would not be liable to the county for
commissions charged by the county treasurer on such money so
illegally borrowed, not taken out of the lawful funds of the county,
and where the county treasurer has accounted for more than the
lawful funds of the county which went into his hands.   *Wood* v.
*Greene County,* 60 *Ga.* 556.   The first question propounded by the

Counties, 15 C. J. p. 522, n. 37- New.

Court of Appeals is therefore answered in the negative, and the second question is answered in the affirmative.

All the Justices concur.