CROW *et al. v.* WHITWORTH.

No. 7268. FEBRUARY 28, 1930.

244

*J. C. & H. E. Edwards, Thomas D. Phillips,* and *J. B. Jones,* for plaintiffs in error.

*John E. Frankum* and *George T. Daniel,* contra.

ATKINSON, J. ■ The assignments of error relating to the second, third, fourth, fifth, and seventh special grounds of the motion for new trial were not argued in the briefs of the attorneys for the plaintiff in error, and under the practice in this court will be treated as abandoned.

■ The grounds of caveat in this case related to. weakness of mind of the alleged testator and undue influence practiced upon him. The judge instructed the jury at length the law in relation to these grounds of the caveat, but did not read to the jury Civil Code § 3835, which declares: "A will procured by misrepresentations or fraud of any kind, to the injury of the heirs at law, is void." The failure to charge the language of this law, without a written request, is not cause for a reversal.

■ The judge instructed the jury in the language of the Civil Code, § 3841, which declares: "Eccentricity of habit or thought does not deprive a person of power of making a testament; old age, and the weakness of intellect resulting therefrom, does not, of itself, constitute incapacity. If that weakness amounts to imbecility, the testamentary capacity is gone. In cases of doubt as to the extent of this weakness, the reasonable or unreasonable disposition of his estate should have much weight in the decision of the question." Following this the judge charged: "While the law is that if the jury have doubt as to the testamentary capacity of the testator, the reasonableness or unreasonableness of the disposition sought to be made *may be considered,* but this is only to be done as evidence bearing on the question of capacity." Error was assigned upon the statement that "the reasonableness or unreasonableness of the disposition sought to be made may be considered," on the ground that "it minimized the effect resulting from a doubt as to the extent of the mental weakness of testator;" that the court should not have used the words "may be considered," where the law declares, "should have much weight in the decision

of the question;" and that the instruction left it optional with the jury "as to the use or weight of evidence of mental weakness." The language excepted to must be considered in connection with the language of the Code section which had just been read to the jury; and when so considered it was not cause for reversal.

■ The court further charged: "If the jury find the testator had sufficient testamentary capacity at the time of making the alleged will, the jury could not lawfully set aside the will merely because they may think it unjust or unreasonable. In other words, if at the time the will was made the testator had sufficient mental capacity to make it, then it would be a valid will." Error is assigned upon the last sentence of this charge, on the ground that "it eliminated entirely the question of undue influence." The instruction upon which error is assigned must be considered in connection with other portions of the charge delivered before and after the charge on the subject of undue influence; and when so considered, it can not be held to have excluded that question from the consideration of the jury.

■ The court charged: "You take the case and consider every fact and circumstance connected with it—all the evidence on both sides, and undertake to arrive at the truth of the matter. The issue for you to determine is whether or not the testator, A. M. Crow, was mentally capacitated to make a will at the time he did make it; not a year before, six months before, or a day before; not a day after, or six months after, or a year after; but at the time he actually made the will, and whether at that time he was mentally capacitated to make it. You can consider his condition a year before or two years before or the day before, or six months after or a day after, or on up until the time of his death, as going to shed light on whether at the time he made the will he was mentally capacitated to make the will." The assignments of error upon this charge are that it eliminated from the issue the question of undue influence; and that it was error for the court to limit the issue to the mental capacity of the testator. This charge was not erroneous for the reasons assigned.

■ The court charged: "Also, you consider whether or not undue influence was used on the testator by J. T. Dodd, the beneficiary under the will, and as alleged in the caveat. If it was, and if the will of Dodd was substituted for the will of A. M. Crow,

and he was coerced into it, then you set it aside on that ground; but if not, if it was his own free will and act and made without undue influence, then you could not lawfully set it aside on that ground." The assignments of error upon this charge are: (a) It was an inaccurate statement of the law. (b) It was error to use this language in the charge: "If it was, and if the will of Dodd was substituted for the will of A. M. Crow, and he was coerced into it, then you set it aside on that ground." (c) It was error to charge the jury in effect that unless the will was procured by force it would be valid. Anything which destroys freedom of volition invalidates a will; such as fraudulent practices or any undue influence whereby the will of another is substituted for the wishes of the testator. This charge was not erroneous for the reasons assigned.

■ The evidence was sufficient to support the verdict setting up the will. The judge did not err in overruling the motion for a new trial.

*Judgment affirmed.* *All the Justices concur, except Russell, C. J., absent for providential cause.*