SHAW, administrator, *v.* FEHN *et al.; et vice versa.*

Nos. 14638, 14649.   OCTOBER 7, 1943.

*Gleason & Painter* and *Shaw & Shaw,* for plaintiff.

*McClure & McClure* and *J. E. Rosser,* for defendants.

ATKINSON, Justice.   A petition to probate in solemn form the will of Martin Fehn was filed in the court of ordinary of Walker County.   Three legatees were named in the will, his wife Magdelena, and his two sons Joseph and Michael.   To Joseph, the older son, he gave one dollar; to Michael, the younger son, he gave one half of his money in banks; and to his wife the rest of his property. The two sons filed a caveat as follows:  (1) "For that the said Martin Fehn at the time of making said pretended will was not of sound mind and disposing mind and memory," (2) "For that the said Martin Fehn did not execute the said pretended will freely, voluntarily, but was moved thereto by undue influence and persusions over him by Magdelena Fehn; and it is therefore not his will."   To this caveat the propounder demurred as follows:  (a) "That the caveat is insufficient and fails to allege any facts suffi-

cient in law or in equity to constitute undue influence." (b) "Said caveat is insufficient in that it fails to specifically set forth how and what manner the deceased was unduly influenced in the execution of said will; and it is further defective in that it fails to allege any facts setting forth just what persuasion the wife of the deceased, Magdelena Fehn, exercised over the deceased." (c) "Because it is not alleged when the alleged undue influence and persuasion was exercised by the said Magdelena Fehn over the deceased." After a hearing the ordinary admitted the will to record as proved in solemn form, and the caveators appealed. The judge of the superior court overruled the demurrer to the caveat, and the propounder excepted pendente lite.

■ The court erred in overruling the demurrer to the caveat. Where a caveat to probate of a will is based on the ground of undue influence, the propounder, by appropriate demurrer, is entitled to be put on notice of facts relied on to constitute the undue influence. *Field* v. *Brantley*, 139 *Ga.* 437 (3) (77 S. E. 559); *Stephens* v. *Hughey*, 174 *Ga.* 561 (3, 4) (162 S. E. 915); *Baucum* v. *Harper*, 176 *Ga.* 296 (168 S. E. 27); *Grover* v. *National City Bank of Rome*, 179 *Ga.* 279 (175 S. E. 555); *Peavey* v. *Crawford*, 182 *Ga.* 782 (187 S. E. 13); *Griffin* v. *Barrett*, 183 *Ga.* 152, 164 (187 S. E. 828); *Dingler* v. *Cumby*, 189 *Ga.* 182, 184 (5 S. E. 2d, 753). The basic rules of pleading and practice upon this subject are mandatory, and the failure to meet the demurrer by amendment setting forth substantial facts relied on requires a reversal. *Mayor &c. of Eastman* v. *Cameron*, 111 *Ga.* 110 (36 S. E. 462); *Western Union Telegraph Co.* v. *Griffith*, 111 *Ga.* 551 (3) (36 S. E. 859); *Warren* v. *Powell*, 122 *Ga.* 4 (49 S. E. 730); *Cagle* v. *Shepard*, 1 *Ga. App.* 192 (57 S. E. 946). While ordinarily nothing beyond the contents of the pleadings will be looked to in passing on a demurrer, yet, as pointed out in a case very similar to the instant case, the error in overruling this demurrer would subsequently have been rendered harmless had the judge at the trial eliminated the issue of undue influence from the jury; but he did not do so. See *Boland* v. *Aycock*, 191 *Ga.* 327 (3) (12 S. E. 2d, 319). This case well illustrates the necessity for maintaining proper rules of pleading. The caveators were not required to set forth any facts which constituted undue influence on the part of the wife, Magdelena Fehn. The record of the testimony contains no evidence of undue

influence which would have authorized a verdict based thereon, and the judge charged the jury fully upon this subject. The grounds, of incapacity and undue influence were submitted, and the jury returned a verdict for the caveators. We cannot say what effect the submission of the law of undue influence to the jury had upon their verdict. Yet had the caveators been required to set forth in their pleadings facts relied on to constitute undue influence, and if they had incorporated no more facts than were revealed in the evidence on this subject, then this ground of caveat based upon undue influence should have been stricken, and the case submitted on the sole ground of incapacity. By leaving this incomplete ground of caveat in the pleading, it had the effect of broadening and expanding the scope of the testimony beyond that permitted under the other ground of incapacity, and caused a charge of the court upon this subject; thereby injecting the issue of undue influence in the case where it had no proper place, and improperly commingling it with the issue of incapacity.

■ The special grounds of the motion allege error, (a) in the reception in evidence of a mutual will executed by the testator and his second wife, seeking to show the source of the property devised by the testator in the instant case; (b) in the reception of evidence to identify the property devised by the testator, as having been received by him through the mutual will, and (c) in the charge of the court as to the purpose in permitting the mutual will to be considered by the jury. An explanation of the family status might here be appropriate. The testator, Martin Fehn, had been married three times. His first wife, the mother of the two sons who were the caveators, died about 1902. In 1903 he married Louise Fehn, with whom he lived until she died on April 5, 1938. On November 10, 1938, he married his third wife, Magdelena, who was the principal legatee under his will. During the trial caveators sought to establish the fact that part of the realty owned by the testator at the time of his death was acquired under the mutual will of his second wife; and the court permitted one of caveators by testimony to designate the property so acquired, and the fact that such property had been "transferred" to the testator. The mutual will was admitted in evidence, and in reference to it the court charged as follows: "The court has permitted this will to go in evidence for your consideration on the question as to the property disposed of

in the present will, the source from which it came into the possession of the testator, that you may consider that in passing upon the question of the reasonableness or unreasonableness of the disposition of the property made in the present will in this case; and for that purpose, and that alone, you will consider it." Where to the probate of a will a caveat has been filed on the grounds of testamentary incapacity and undue influence, and there is doubt as to the extent of weakness of intellect, the reasonableness or unreasonableness of the disposition of the estate may be considered by the jury. Code, § 113-205; *Franklin* v. *Belt,* 130 *Ga.* 37 (60 S. E. 146); *Penn* v. *Thurman,* 144 *Ga.* 67 (3) (86 S. E. 233); *Dyar* v. *Dyar,* 161 *Ga.* 615 (7) (131 S. E. 535); *Crow* v. *Whitworth,* 170 *Ga.* 242 (3) (152 S. E. 445). In the trial of such issue the source from which the property disposed of by the will came into the decedent's possession may be shown. *Holland* v. *Bell,* 148 *Ga.* 277 (96 S. E. 419); *Murphy* v. *Murphy,* 152 *Ga.* 275 (109 S. E. 903). Accordingly it would not be error for the court to admit in evidence the mutual will as evidence of the source of the property, nor would the charge of the court, which was properly restricted to the reasonableness of the disposition of the property, be error; provided proper evidence was produced to connect up and identify the property received under the mutual will as being the same or part of the property as disposed of under testator's will.

In the instant case the testimony admitted to establish a portion of the real estate under the will as being real estate acquired by the testator under the mutual will of his second wife, and the testimony that it had been "transferred" to the testator, was not properly admitted. To establish this fact the caveators should have been required to adhere to the best-evidence rule as defined in the Code, § 38-203. *Murphy* v. *Murphy,* supra; *Bourquin* v. *Bourquin,* 151 *Ga.* 575, 578 (107 S. E. 767); *Pierce* v. *Dennett,* 163 *Ga.* 471 (136 S. E. 440); *Bacon* v. *Howard,* 152 *Ga.* 616 (110 S. E. 888).

■ By cross-bill of exceptions the caveators allege that the court erred in striking an amendment to the caveat alleging "that Magdelena Fehn, wife of the said Martin Fehn, named as principal beneficiary in said alleged will, is a German citizen, an alien enemy, and under the laws of the State of Georgia as such is incapable of taking under said alleged will; and in so far as said

will undertakes to leave property to the said Magdelena Fehn, said will is void." The caveators insist that under the Code, § 79-302, defining aliens, and § 79-303 setting forth the rights of aliens as to realty, this ground of caveat should not have been stricken. Assuming, but not so deciding, that Magdelena Fehn was an alien enemy, and as such could not take as a legatee under the will, still this would not have been ground for refusing probate. If she was an alien enemy, and as such could not be a beneficiary under a will (neither of which questions are here decided), then the nomination of her as a beneficiary would have amounted to no more than the creation of a void legacy. In such a case the effect of the invalidity of the legacy is to render the legacy void, but not to invalidate the entire will; and it is no ground of caveat to the probate of a will that a devise to a particular person may be void. *McCarty* v. *Mangham,* 144 *Ga.* 198 (86 S. E. 555); *Hargraves* v. *Lott,* 67 *Ga.* 133.

Where an executor propounds an alleged will for proof in solemn form, the only issue is devisavit vel non—whether the paper propounded is, or is not, the last will and testament of the deceased. Where a will is offered for probate, only three questions are for consideration: (a) the legal execution of the will; (b) the testamentary capacity of the testator; and (c) the presence or absence of undue influence, fraud, or mistake in the execution of the will. Where it is found that the will was legally executed, that the testator had capacity, and that there was no undue influence, fraud, or mistake in its execution, then the court should order it to probate and record. All questions of construction, or the legality or illegality of particular bequests, should be left for future determination in the proper court, as the case may require. *Trustees of the University of Georgia* v. *Denmark,* 141 *Ga.* 390, 400 (81 S. E. 238); *Robinson* v. *Ramsey,* 161 *Ga.* 1, 10 (129 S. E. 837); *Johnson* v. *Ellis,* 172 *Ga.* 435 (2) (158 S. E. 39); *Peavey* v. *Crawford,* supra. Accordingly the judge did not err in striking this ground of caveat.

As this case is remanded for another trial, we do not pass on the question whether or not there was sufficient evidence to authorize a verdict for caveators.

*Judgment reversed on the main bill of exceptions, and affirmed*

on the cross-bill. All the Justices concur except Grice and Duckworth, JJ., who concur in part and dissent in part.

GRICE and DUCKWORTH, JJ. We concur in the judgment and in what is contained in divisions 1, 3, and 4 of the decision. We are in disagreement with the ruling made in the second division, to the effect that the evidence there referred to should have been excluded under what is usually referred to as the higher and better-evidence rule.