## S94A1658. IN RE ESTATE OF BILLY MARLOW CORBITT.

(454 SE2d 129)

HUNSTEIN, Justice.

Billy Marlow Corbitt executed a will on March 29, 1979, naming as beneficiaries appellant, Delores G. Corbitt, his wife, and appellees, Rodney M. Corbitt and Caroline Corbitt McGovern, his two children from a previous marriage. Appellant was named as executor in the will. The testator died on February 19, 1993 and on March 1, 1993, appellant filed a petition to probate the will in solemn form. Appellees filed a caveat to the probate of the will on the grounds that the Item V devise to appellant had been adeemed by a prior conveyance of real estate and that the amount of the bequest under Item V was incapable of computation and therefore void. Pursuant to an "Appeal By Agreement," the matter was heard by the Superior Court of Atkinson County, wherein appellant moved for partial summary judgment on the issues raised by the caveat. The parties stipulated to the validity of the will in a pre-trial order. The superior court denied appellant's motion for summary judgment,[1] and we granted interlocutory review to determine whether the superior court erred in denying appellant's motion because the grounds of the caveat asserted by appellees were not valid objections to the probate of the will. We conclude that the trial court did so err and reverse.

In a proceeding to probate a will in solemn form, the sole issue is devisavit vel non, that is,

> whether the paper propounded is, or is not, the last will and testament of the deceased. Where a will is offered for probate, only three questions are for consideration: (a) the legal execution of the will; (b) the testamentary capacity of the testator; and (c) the presence or absence of undue influence, fraud, or mistake in the execution of the will.

*Shaw v. Fehn*, 196 Ga. 661, 665 (3) (27 SE2d 406) (1943). The probate court merely adjudicates the factum of the will and the superior court, on appeal, is likewise restricted in its jurisdiction. *Thomas v. Roughton*, 227 Ga. 127 (1) (179 SE2d 62) (1971). The effect of the invalidity of a bequest (or the ademption thereof) would be to render the bequest void, but not to invalidate the will and "it is no ground of

---

[1] Appellees had filed a motion for summary judgment, contending, in addition to the grounds already asserted in their caveat, that appellant was estopped from claiming under the will by a reconciliation settlement agreement executed by appellant and the testator, and by his conveyance to her of real property pursuant thereto. The trial court also denied appellees' motion.

caveat to the probate of a will that a devise to a particular person may be void." *Shaw v. Fehn,* supra; *Reid v. Wilson,* 208 Ga. 235 (2) (65 SE2d 913) (1951).

The caveators having stipulated to the validity of the will, there remained no valid grounds of caveat to the probate of the will and the trial court erred in not granting summary judgment to appellant. Appellees are not without a remedy; they may bring an action to challenge the validity of the Item V bequest, to claim its ademption and the estoppel of appellant in a separate proceeding. See *Thomas v. Roughton,* supra at (2).

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 6, 1995.

*Sutton & Associates, Berrien L. Sutton, George A. Bessonette, Robert B. Sumner,* for appellant.

*Walters, Davis, Meeks & Pujadas, Thomas E. Pujadas,* for appellee.